Filed 8/4/21  P. v. Walker CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>CALVIN DAVID WALKER,<br><br>      Defendant and Respondent. | A159943<br><br>(San Mateo County Super.<br>Ct. No. SC045390A) |

Defendant Calvin Walker filed a petition to vacate his second degree murder conviction and for resentencing under the procedures created by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which amended the felony-murder rule and natural and probable consequences doctrine.  The trial court denied the petition and Walker appeals, contending the trial court erred in looking beyond the face of his petition in concluding he was not eligible for relief and that he received ineffective assistance from counsel the trial court appointed to represent him.  We affirm.

### BACKGROUND

On December 29, 1999, the San Mateo District Attorney filed an amended information charging Walker with murder (Pen. Code, § 187, subd. (a))[1] (count 1), possession of cocaine base for the purpose of sale (Health &

---

[1] Further undesignated statutory references are to the Penal Code.

1

Saf. Code, § 11351.5, subdivision (a)) (count 2), and being a felon in possession of a firearm (§ 12021, subd. (a)(1)) (count 3). With respect to count 1, the information alleged that Walker personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).

A jury found Walker guilty on all counts and found true the allegations of the firearm enhancement. On count 1, the jury found Walker guilty of second degree murder. The trial court sentenced Walker to 40 years to life consisting of 15 years on count 1, plus 25 years to life on the section 12022.53, subdivision (d) enhancement.

Walker appealed and we affirmed. (*People v. Walker* (Oct. 17, 2001, A090805) [nonpub. opn.], 2001 WL 1240987, *1.) Our opinion provided the following summary of the facts of the offense and testimony at trial:

"Walker shot Dennis Cheng to death in the early morning of May 8, 1998, in a failed sale of rock cocaine. Cheng drove to an East Palo Alto neighborhood in search of the drug, inquired of a woman on the street— Celestine Strauter—where he could find it, and was guided by her, as a passenger, to a block on Clarke Street where Walker was selling. There, Strauter left the car, alerted Walker to Cheng and stood by as the killing took place. Walker leaned into Cheng's driver side window, but after Cheng fumbled with some money, stepped back and fired at him with a .32 caliber handgun, apparently thinking Cheng was either cheating him or had cheated him before. The car sped off and crashed into a parked car and chain link fence. Cheng died of a single bullet to the chest.

"When arrested six weeks later at his girlfriend's house, Walker had on him the murder weapon (loaded) and 3.59 grams of cocaine in the form of 10 rocks (indicating possession for sale). Testimony at trial was from Strauter

2

(located late in trial, after being arrested in Modesto) and a second eyewitness (via previous testimony). Also testifying were several people to whom Walker had made admissions about the killing—some during his post-arrest incarceration. Walker did not testify but presented witnesses who, if believed, might have cast doubt on his involvement in the killing. Trial was protracted due to an unusually large number of witnesses and extensive impeachment of many as felons, jailhouse informants, immunity recipients and/or substance abusers." (*People v. Walker*, *supra*, 2001 WL 1240987 at p. *1.)

In 2018, the Legislature enacted Senate Bill 1437, which amended the definition of murder to reduce the scope of the felony-murder rule and the natural and probable consequences doctrine, and added section 1170.95 to the Penal Code, creating a mechanism by which a defendant convicted of felony murder or murder under a natural and probable consequences theory can seek resentencing.

On July 3, 2019, Walker filed a pro se petition for resentencing pursuant to section 1170.95, using a standard form. On the form, he checked boxes declaring the following: "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine"; "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019"; and "I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective

3

January 1, 2019." Walker also checked a box requesting that the trial court appoint counsel to represent him during the resentencing process.

At a hearing on August 7, the trial court appointed counsel for Walker.

A further hearing was held on the petition on September 24, in advance of which the Attorney General filed opposition to Walker's petition, and attached two exhibits: our October 17, 2001 unpublished opinion affirming Walker's conviction on direct appeal, and the 2000 probation report prepared in connection with Walker's original sentencing.

On February 6, 2020, a brief hearing was held on the petition and counsel presented argument. Defense counsel indicated that Walker had "complained about the fact that I thought there was no prima facia [*sic*] case indicating he might want to do a *Marsden* or request for additional—other counsel. He's of the opinion that second degree implied malice of murder has been abolished. I had difficulty convincing him that it's different than second degree felony murder, which I do believe has been abolished as imputed malice, which is no longer available [under Senate Bill] 1437." Defense counsel went on to indicate that based on his review of the jury instructions from Walker's trial, "i[t] does appear that [Walker] was not convicted under an improper theory." The trial court agreed and denied the petition: "[T]oday the record makes clear that he was convicted as the actual killer and [the] petition is denied."

Walker appeals.

## DISCUSSION

Walker argues that the trial court erred in relying on the original probation report, our opinion affirming his conviction on direct appeal, and the representations of his counsel in denying his petition, and that his

4

counsel provided ineffective assistance by conceding that he is not eligible for resentencing under Senate Bill 1437.

**Senate Bill 1437**

Enacted in 2018, Senate Bill 1437 amended the definition of murder in sections 188 and 189 to reduce the scope of the felony-murder rule and the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2–3.) Specifically, it was enacted to " 'ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723; see § 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3, p. 92.)

Senate Bill 1437 also added section 1170.95 to the Penal Code, creating a mechanism by which a defendant who was convicted of felony murder or murder under a natural and probable consequences theory may seek to have his or her conviction vacated and be resentenced on any remaining counts. (§ 1170.95, subd. (a), added by Stats. 2018, ch. 1015, § 4, p. 830.) Such a defendant may petition the sentencing court to have his or her conviction vacated if the following three conditions are satisfied:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(1)–(3).)

A petition for relief must include:  "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel."  (§ 1170.95, subd. (b)(1)(A)–(C).)

If the petition contains all of the required information, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c), added by Stats. 2018, ch. 1015, § 4, p. 830.)  After issuing an order to show cause, the court must then hold an evidentiary hearing to determine whether the petitioner is entitled to relief.  (*Id.*, subd. (d), added by Stats. 2018, ch. 1015, § 4, p. 830.)

**The Trial Court Did Not Err In Looking Beyond the Four Corners of Walker's Petition**

Although Walker's argument is not clearly made, he appears to contend that the trial court erred in considering the original probation report, our opinion affirming his conviction on direct appeal, and the representations of his counsel in determining whether he had made a prima facie showing that

6

he is "entitled to relief" under section 1170.95 sufficient to justify issuing an order to show cause and an evidentiary hearing.  (§ 1170.95, subd. (c).)

To begin with, the record supports the trial court's conclusion that Walker was ineligible, as a matter of law, for relief under section 1170.95 because he was the "actual killer," and could therefore still be convicted of first or second degree murder after the changes made by Senate Bill 1437. (See § 189, subd. (e); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219.)  Our opinion in his direct appeal, which described the evidence presented at trial, demonstrates that the murder involved a single perpetrator, Walker; it was not a situation in which multiple persons carried out the attack.  The jury found Walker guilty of second degree murder and also found true the special allegation that he personally and intentionally discharged a firearm proximately causing death (§ 12022.53, subd. (d)).  (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [trial court did not err in denying petition where the "jury convicted [defendant] of second degree murder and found true that he personally and intentionally used a firearm to commit the crime" and thus "implicitly found [defendant] was the 'actual killer,' and the changes to sections 188 and 189 are inapplicable"], review granted Mar. 18, 2020, S260410).  And Walker has not any identified any factual scenario, before the trial court or in this appeal, in which he was not the "actual killer"—indeed, the statement of facts in his opening brief says that he "shot Dennis Cheng to death on May 8, 1998, during a[n] attempted sale of rock cocaine."

In any event, after briefing in this case was completed, our Supreme Court decided *People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __ [2021 WL 3137434], agreeing with numerous Courts of Appeal that in considering whether the required prima facie showing under section 1170.95 has been

7

made, "a trial court can rely on the record of conviction," and "[a]ppellate opinions . . . are generally considered to be part of the record of conviction." (*Id.* at pp. 22–24; see *People v. Tarkington*, *supra*, 49 Cal.App.5th at p. 898 [court can review "readily ascertainable information in the record of conviction and the court file"], review granted Aug. 12, 2020, S263219; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674–675 [court can review "readily available record of conviction" including "charging information and jury instructions"], review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177–1178 [court can review "information that is readily ascertained"], review granted June 24, 2020, S262011; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327–330 [court "must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment"], review granted Mar. 18, 2020, S260493.) Under these authorities, we conclude that the trial court did not err in relying on the record of conviction, including our previous opinion in Walker's direct appeal, in considering and rejecting Walker's section 1170.95 petition.

### Walker's Ineffective Assistance of Counsel Claim Fails

We will also reject Walker's claim of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel in violation of the Sixth Amendment, the defendant "must show that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient performance subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have

8

been more favorable to the defendant."[2] (*In re Alvernaz* (1992) 2 Cal.4th 924, 936–937; see *Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) Even assuming that Walker's counsel provided deficient representation by conceding he was not eligible for resentencing, given the evidence in the record that Walker was the actual killer and therefore ineligible as a matter of law for relief under Senate Bill 1437, Walker has not shown a reasonable probability of a different result but for his counsel's allegedly deficient performance.

## DISPOSTION

The order is affirmed.

---

[2] We assume without deciding that a petitioner has a constitutional right to effective assistance of counsel in section 1170.95 proceedings, although there is authority suggesting otherwise. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676, review granted Feb. 24, 2021, S266336 ["a petitioner's right to counsel under section 1170.95(c) is not protected by the federal Constitution"]; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 ["the Legislature's changes [in Senate Bill 1437] constituted an act of lenity that does not implicate defendants' Sixth Amendment rights"]; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted Oct. 14, 2020, S264278 ["having a constitutional right to the appointment of counsel is not the same as having a constitutional right to the effective assistance of that counsel" and the "Supreme Court has steadfastly held that 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings"].)

_____
Richman, Acting P. J.

We concur:

_____
Stewart, J.

_____
Miller, J.

*People v. Walker* (A159943)

10